**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL ZAWADZKI,**

    **Plaintiff,**

**v.**                                                      **Case No. 8:12-cv-950-T-30MAP**

**LIBERTY MUTUAL FIRE INSURANCE**
**COMPANY,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Certify Interlocutory Appeal and Stay Proceedings (Dkt. 20) and Plaintiff's Response in opposition (Dkt. 21). The Court, having considered the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

This is an action for damages arising out of an insurance policy Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") issued to Plaintiff Paul Zawadzki. Zawadzki contends that his property suffered damages consistent with sinkhole activity; a covered cause of loss.

On July 20, 2012, Liberty Mutual moved for summary judgment on its counterclaim. Liberty Mutual argued that, as a matter of law, a 2011 amendment to the Florida statutory scheme governing sinkhole insurance that added a statutory definition of "structural damage" should be applied retroactively to the insurance policy at issue (Dkt. 11).

On August 23, 2012, the Court denied Liberty Mutual's motion, concluding that the 2011 statutory definition of "structural damage" did not apply retroactively, which was consistent with the court's holding in *Bay Farms Corp. v. Great American Alliance Ins. Co.*, 835 F. Supp. 2d 1227 (M.D. Fla. 2011) (Dkt. 17). The Court also concluded that the phrase "structural damage" should be read according to its plain meaning as the court recently held in *Ayres v. USAA Casualty Insurance Company*, 2012 WL 1094321 (M.D. Fla. April 2, 2012) (Dkt. 17).

Liberty Mutual now moves the Court to certify the order denying its motion for summary judgment for immediate interlocutory appeal under 28 U.S.C. § 1292(b). Zawadzki opposes this motion. As stated below, the Court concludes that Liberty Mutual has not established that this is an exceptional case justifying interlocutory appeal.

## **LEGAL STANDARD**

28 U.S.C. § 1292(b) provides for discretionary appellate review of an interlocutory order of a district court upon certification by the district court "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). An interlocutory appeal under section 1292(b) is a "rare exception" to the rule that appellate review must be conducted after final judgment. *See McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1264 (11th Cir. 2004); *see also OFS Fitel, LLC v. Epstein, Becker and Green, P.C.,* 549 F.3d 1344, 1359 (11th Cir. 2008) (noting that section 1292(b) "sets a high threshold for certification to prevent piecemeal appeals" and that "[m]ost interlocutory orders do not meet this test").

Certification is proper "only in exceptional cases where decision of the appeal may avoid protracted and expensive litigation ... where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided." *McFarlin*, 381 F.3d at 1256 (citation and internal quotation marks omitted). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* at 1259.

## **DISCUSSION**

Liberty Mutual must demonstrate that: (1) the Court's order denying Liberty Mutual's motion for summary judgment presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation. Liberty Mutual has the burden of persuading the court "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (citation and internal quotation marks omitted).

An analysis of the second element is dispositive of this issue. Specifically, Liberty Mutual has not demonstrated a *substantial* ground for difference of opinion among courts because the courts in this district have consistently concluded that the 2011 amendment to the Florida statutory scheme governing sinkhole insurance that added a statutory definition of "structural damage" does not apply retroactively. Indeed, on October 1, 2012, a court in this district denied a nearly identical summary judgment motion filed by Defendant First Liberty Insurance Corporation in Case No. 8:12-CV-190-T-EAJ, noting that "two opinions from the

Middle District of Florida have already considered and rejected the same arguments that Defendant asserts in this case" and that the court "finds no reason to depart from this opinion." (Dkt. 22 in Case No. 8:12-CV-190-T-EAJ).

In sum, Liberty Mutual cannot establish "exceptional circumstances" justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment.[1]

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Certify Interlocutory Appeal and Stay Proceedings (Dkt. 20) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 17, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-950.mtinterlocutoryappeal20.frm

---

[1] Notably, the fact that the Eleventh Circuit has not addressed the issue presented in Liberty Mutual's motion for summary judgment is not dispositive of this element. *See Williams v. Saxon Mortg. Co.*, 2007 WL 4105126, at *2 (S.D. Ala. Nov. 15, 2007) (noting that "plaintiffs' sole basis for arguing that there is a substantial ground for difference of opinion is its hollow statement that the Eleventh Circuit has yet to rule definitively on this question. The mere absence of binding authority does not constitute a showing sufficient to satisfy § 1292(b), where numerous federal decisions are adverse to the movants' position and movants have failed to cite a single case authority or legal argument that might demonstrate the existence of room for *bona fide* disagreement on the issue.").