**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**PAUL ZAWADZKI,**

    Plaintiff,

v.                                            Case No.  8:12-cv-950-T-30MAP

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Opposed Motion for Clarification of Order Denying Motion for Final Summary Judgment (Dkt. 24) and Plaintiff's Response in opposition (Dkt. 28).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

Defendant seeks clarification with respect to the Court's order denying Defendant's motion for summary judgment on its counterclaim for declaratory judgment.  The Court, in relevant part, concluded that the 2011 statutory amendment to section 627.706 could not be applied retroactively to Plaintiff's sinkhole claim, adopting the court's analysis and holding in *Bay Farms Corp. v. Great American Alliance Ins. Co.*, 835 F. Supp. 2d 1227 (M.D. Fla. 2011).  The Court also concluded that the phrase "structural damage" in the insurance contract at issue should be defined as "damage to the structure", which was consistent with the court's holding in *Ayres v. USAA Casualty Insurance Company*, 2012 WL 1094321, at *3-4 (M.D. Fla. April 2, 2012).

Defendant seeks clarification with respect to the Court's interpretation of "structural damage". This request is denied. Defendant filed a motion substantially similar to the instant motion in *Bonitch v. Liberty Mutual Fire Insurance Company*, Case No. 8:12-cv-770-RAL-TBM. In *Bonitch*, Judge Lazzara relied heavily on this Court's ruling in the present case in denying Defendant's summary judgment motion. Like this Court, Judge Lazzara defined structural damage as damage to the structure. Subsequently, Defendant filed a motion for clarification. Judge Lazzara denied the motion, noting that Defendant had failed to offer a valid basis for clarification or reconsideration. Judge Lazzara also stated that, with respect to the Court's interpretation of "structural damage", the court's resolution of the motion for summary judgment was "self-explanatory." (Case 8:12-cv-770-RAL-TBM; Dkt. 31).

This Court agrees with Judge Lazzara and sees no reason to provide any further explanation with respect to the definition of "structural damage", which the Court previously held should be defined as "damage to the structure." (Dkt. 17).

It is therefore ORDERED AND ADJUDGED that Defendant's Opposed Motion for Clarification of Order Denying Motion for Final Summary Judgment (Dkt. 24) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2012\12-cv-950.mtclarification24.frm